UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

ATLANTIS COMMERCIAL GROUP,
INC., a Georgia corporation,

    Plaintiff,

v.                                      Case No.:  22-16884

S. TALTON PAVING, LLC,
a Florida limited liability company

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, Atlantis Commercial Group, Inc. ("Atlantis") hereby sues Defendant, S. Talton Paving, LLC ("Talton Paving") and alleges as follows:

## PARTIES AND JURISDICTION

1. Atlantis Commercial Group, Inc. ("Atlantis") is a Georgia corporation authorized to do business in the State of Florida.

2. Defendant, S. Talton Paving LLC ("Talton Paving") is a Florida limited liability company authorized to do business in the State of Florida.

3. On information and belief, Stafford Talton is the sole member of S. Talton Paving LLC and resides in the State of Florida.

4. Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332, as this civil action exceeds the sum of $75,000, exclusive of interest

and costs, and is between citizens of different States.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6. Atlantis entered into a written subcontract agreement ("the Subcontract") with Talton Paving to perform work at the Honeysuckle Substation project in Pensacola, Escambia County, Florida ("the Project").

7. On November 29, 2021, Atlantis inadvertently double-paid Talton Paving, overpaying Talton Paving in the amount of $30,843.01.

8. On January 11, 2022, Atlantis discovered the overpayment and spoke to Stafford Talton, Talton Paving's managing member, over the phone, notifying Talton Paving of the overpayment.

9. On January 12, 2022, Kim Pleasant, an employee of Talton Paving, acknowledged Talton Paving's receipt of Atlantis' overpayment.

10. On January 12, 2022, Ms. Pleasant represented that, despite their knowledge of the inadvertent payment, Talton Paving no longer had the full $30,843.01 and had used it to pay other expenses.

11. On January 12, 2022, Ms. Pleasant promised that Talton Paving would pay Atlantis back the full amount of $30,843.01 that Atlantis had inadvertently overpaid Talton Paving.

12. Since the January 12, 2022 conversation with Ms. Pleasant, Atlantis has

repeatedly demanded the return of the $30,843.01 overpayment; however, Talton Paving has failed and refused to return any of the $30,843.01 overpayment.

13.     On April 12, 2022, Atlantis served Talton Paving with a written demand for treble damages for civil theft in accordance with 772.11, Florida Statutes. Exhibit A to this Complaint contains a true and correct copy of Atlantis' April 12, 2022 Demand Letter which, by reference, is incorporated as if fully set forth herein.

14.     Talton Paving has no right, in law or at equity, to the amount overpaid to it by Atlantis and has acknowledged this fact.

15.     Talton Paving has, as of the filing of this Complaint, failed and refused to return any of the $30,843.01 overpayment that it received from Atlantis.

16.     Atlantis has satisfied all conditions precedent to the institution of this action, or the conditions have been excused or otherwise waived.

## COUNT ONE
## (CIVIL THEFT UNDER § 772.11)

17.     Atlantis hereby restates and alleges paragraphs one (1) through fifteen (15) set forth above.

18.     Talton Paving knowingly obtained Atlantis' property and appropriated Atlantis' property for Talton Paving's own use.

19.     Talton Paving promised to return Atlantis' $30,843.01, yet has failed to do so as of the filing of this lawsuit.

20.     Atlantis served Talton Paving with a written demand for treble damages

more than 30 days prior to filing this lawsuit. *See* Exhibit A.

21. Talton Paving has still failed and refused to return Atlantis' property.

22. Talton Paving's actions herein show criminal intent to steal Atlantis' money and convert Atlantis' money for its own use.

23. Talton Paving's criminal actions violate §§ 812.012-812.037, Florida Statutes and supply a predicate for Atlantis' cause of action pursuant to § 772.11, Florida Statutes.

24. Specifically, Talton Paving's conversion of Atlantis' property violates § 812.014, Florida Statutes.

25. Atlantis has suffered monetary loss in the amount of $30,843.01 and seeks treble damages in the amount of $92,529.03 plus attorney's fees pursuant to § 772.11, Florida Statutes.

WHEREFORE, Atlantis respectfully requests that the Court enter a judgment in Atlantis' favor and against Talton Paving for threefold the actual damages as alleged herein ($92,529.03), interest, and reasonable attorney's fees and court costs, and award such other further relief as the Court deems just and appropriate.

## COUNT TWO
## (CONVERSION)

26. Atlantis hereby restates and alleges paragraphs one (1) through fifteen (15) set forth above.

27. Talton Paving has wrongfully and indefinitely deprived Atlantis of its

4

property.

28. Talton Paving promised to pay Atlantis back the full amount of $30,843.01 that was overpaid, yet has failed to do so.

29. Despite Atlantis' demands for the return of the $30,843.01, Talton Paving has wrongfully retained and converted Atlantis' property for its own use and has used Atlantis' money to pay other expenses.

30. Talton Paving has still, as of the filing of this Complaint, failed and refused to return any of the $30,843.01 to Atlantis.

31. Talton Paving's conversion of Atlantis' property has been willful, reckless and in conscious disregard of Atlantis' rights.

32. Atlantis seeks actual damages in the amount of $30,843.01.

WHEREFORE, Atlantis respectfully requests that the Court enter a judgment in Atlantis' favor and against Talton Paving for the actual damages as alleged herein and interest, and award such other further relief as the Court deems just and appropriate.

## COUNT THREE
## (ACCOUNT STATED)

33. Atlantis hereby restates and alleges paragraphs one (1) through fifteen (15) set forth above.

34. Talton Paving has acknowledged and agreed that it owes Atlantis a balance of $30,843.01.

35. Talton Paving has expressly promised to pay back Atlantis the balance of $30,843.01.

36. Atlantis served Talton Paving with a written demand for the balance of $30,843.01 (*see* Exhibit A), and Talton Paving did not object to the balance.

37. Talton Paving has still, as of the filing of this Complaint, failed and refused to return any of the $30,843.01 to Atlantis.

WHEREFORE, Atlantis respectfully requests that the Court enter a judgment in Atlantis' favor and against Talton Paving for the actual damages as alleged herein and interest, and award such other further relief as the Court deems just and appropriate.

## COUNT FOUR
## (UNJUST ENRICHMENT)

38. Atlantis hereby restates and alleges paragraphs one (1) through fifteen (15) set forth above.

39. Atlantis has conferred a benefit on Talton Paving through the $30,843.01 overpayment.

40. Talton Paving has knowledge of the benefit and has willingly accepted and retained the benefit of the $30,843.01 overpayment.

41. Failure to allow Atlantis to recover the $30,843.01 overpayment, the benefit of which Talton Paving has willingly accepted and retained, would be inequitable and would unjustly enrich Talton Paving while harming Atlantis.

42. Despite the foregoing, Talton Paving has still, as of the filing of this Complaint, failed and refused to return any of the $30,843.01 to Atlantis.

WHEREFORE, Atlantis respectfully requests that the Court enter a judgment in Atlantis' favor and against Talton Paving for the actual damages as alleged herein and interest, and award such other further relief as the Court deems just and appropriate.

### Jury Demand

Atlantis hereby demand a jury trial on all issues so triable.

Dated this 24th day of August, 2022.

**SMITH, CURRIE & HANCOCK, LLP**

*/s/ Sarah Carpenter*_____
Florida Bar No. 106307
Smith, Currie & Hancock LLP
1950 Old Gallows Road, Suite 750
Tysons, VA 22182
Telephone: 703.506.1990
Fax: 703.506.1140
Primary email:
skcarpenter@smithcurrie.com
***Counsel for Plaintiff***